# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3144 | **DATE** | 9/28/2011 |
| **CASE TITLE** | Chicago Regional Council of Carpenters Pension Fund, et al vs. Grand Excavating, LLC, et al. | | |

## DOCKET ENTRY TEXT

For the reasons stated below, Plaintiffs' motion to compel is granted. Defendants also request in the alternative that the court bifurcate discovery to first address only whether Excavating was even a signatory to the agreements in question during the relevant time period, and then, if necessary to address the alter ego theory. Defendants have not shown that any bifurcation would promote the efficient resolution in this case and have not shown that bifurcation is warranted.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiffs' motion to compel. Plaintiffs request that the court order the production of certain records that Plaintiffs contend are relevant to their alter ego theory. Plaintiffs allege in the complaint that Defendant Grand Excavating, LLC (Excavating) entered into a collective bargaining agreement (CBA) regarding contributions to a pension fund, which is operated in accordance with a trust agreement (Trust Agreement). Plaintiff alleges that Excavating has breached the CBA and Trust Agreement by refusing to provide Plaintiffs with access to its books and records and allow Plaintiffs to conduct an audit. Plaintiffs also allege that Defendant Grand Industrial, LLC (Industrial), and Defendant Leo Brown Group, LLC (Leo), are the disguised continuances of Excavating and are the alter egos of Excavating

Defendants object to certain requests for documents relating to the records of Industrial and Leo. Defendants argue that neither Excavating nor Leo were signatories to the CBA or Trust Agreement. Defendants also contend that the requests are overly broad and are fishing expeditions and that the requests are duplicative, unnecessary, and overly burdensome. Pursuant to Federal Rule of Civil Procedure Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

# STATEMENT

defense." Fed. R. Civ. P. 26(b)(1). In order to obtain information during discovery, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). A court can limit discovery requests if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. . . ." Fed. R. Civ. P. 26(b)(2)(C)(i).

Defendants have not shown that the requests at issue in the instant motion seek duplicative information that has already been produced to Plaintiffs. Although Defendants point to certain information provided by Excavating regarding its operations, Plaintiffs are also entitled to obtain discovery regarding the operations of Industrial and Leo, which Plaintiffs allege are the alter egos of Excavating. Plaintiffs have presented a factual basis to support their belief that Industrial and Leo are the alter egos of Industrial and have discoverable information. Plaintiffs contend, for example, that the alter ego theory can be shown by the fact that Excavating, Industrial, and Leo all share the same phone number and address and the fact that Industrial and Excavating share the same website. Plaintiffs also contend, for example, that Thomas Smith (Smith) and Leo Justin Brown (Brown) are managers of Industrial and Excavating, and that Leo Brown Group, LLC is owned by Brown and that Smith acts as an agent for Brown. Plaintiffs have shown that they are not merely speculating regarding the alter ego theory and Defendants have not shown that Plaintiffs are engaging in a fishing expedition or engaging in discovery to harass Defendants. Defendants also argue that the discovery requests regarding Industrial and Leo are overly burdensome, but Defendants have not provided specific details to show that to be true.

Defendants also request in the alternative that the court bifurcate discovery to first address only whether Excavating was even a signatory to the agreements in question during the relevant time period, and then, if necessary to address the alter ego theory. Defendants have not shown that any bifurcation would promote the efficient resolution in this case and have not shown that bifurcation is warranted. Therefore, based on above, Plaintiffs' motion to compel is granted.